IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRELL WADE BARBEE,              )
                                  )
            Petitioner,           )
                                  )
      v.                          )      1:11CV238
                                  )
ALVIN W. KELLER, JR.,             )
                                  )
            Respondent.           )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On August 21, 2006, Petitioner was convicted after a jury trial in the Superior Court of Stanly County of thirty-one counts of statutory rape, fourteen counts of indecent liberties, and three counts of statutory sex offense in cases 06 CRS 2566-83 and 05 CRS 51055-64. (Id. §§ 1, 2, 5, 6.) He received three consecutive sentences of 240 to 297 months of imprisonment plus a consecutive term of 16 to 20 months of imprisonment. (Id. § 3.) Petitioner filed a direct appeal, but the North Carolina Court of Appeals found no error. State v. Barbee, No. COA07-12, 2007 WL 4233640 (N.C. App. Dec. 4, 2007) (unpublished). Petitioner filed no further direct appeals. (Docket Entry 2, § 9.)

According to his filings in state court, on July 22, 2009, Petitioner mailed a motion for appropriate relief to the Stanly

County Superior Court. (Docket Entry 8, Ex. 8 at 3.)[1] After its denial (id., Ex. 7), Petitioner sought a writ of certiorari from the North Carolina Supreme Court (id., Ex. 8). Upon dismissal of his certiorari petition (id., Ex. 9), Petitioner filed an undated, hand-written habeas petition in the United States District Court for the Western District of North Carolina, received by that court on March 10, 2011, in an envelope bearing a mailing date of March 9, 2011. (Case No. 1:11CV203, Docket Entry 1.) After the transfer of that case to this Court, Petitioner was permitted to file a proper petition on the correct forms. (Id., Docket Entry 6.) He then filed the instant Petition. (Docket Entry 2.)[2] Respondent moved for dismissal of the Petition as untimely filed. (Docket Entry 5.) Petitioner responded. (Docket Entry 10.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:

---

[1] This page citation refers to the page number placed on the document by Petitioner rather than the page number in the CM/ECF footer. In his instant Petition, Petitioner gave January 5, 2010, as the date of filing of his motion for appropriate relief. (Docket Entry 2, § 11.)

[2] This and all further citations to the record refer to this case.

> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. Petitioner has raised five claims for relief, all of which either call witnesses' testimony into question in light of other evidence in the record or challenge the sufficiency of the evidence against him. (See Docket Entry 2, § 12.) The facts and law underlying these claims existed and could reasonably have been known to Petitioner at the time of his trial. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

Here, Petitioner did file a direct appeal, which the North Carolina Court of Appeals denied on December 4, 2007. His direct appeal then became final 35 days later on January 8, 2008, when the time for filing a petition for discretionary review with the North Carolina Supreme Court expired. See Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *2-5 (M.D.N.C. Sept. 28, 2010) (unpublished); Headen v. Beck, 367 F. Supp. 2d 929, 931-32 (M.D.N.C. 2005). Petitioner's year to file in this Court began to run on that date and expired a year later on January 8, 2009.

Petitioner did later file and pursue a motion for appropriate relief in the state courts. The one-year federal habeas limitation period is tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner's time to file in this Court, however, expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, the Petition is untimely under § 2244(d)(1)(A).

In his response to the instant Motion to Dismiss, Petitioner does not directly contest the calculations just set out. (See Docket Entry 10.) However, he does state that Respondent violated this Court's order requiring an answer to the instant Petition because Respondent filed the Motion to Dismiss rather than an

-4-

answer. (Id. at 2.)[3] Respondent actually did file a limited answer based on its statute of limitations defense (Docket Entry 4), along with its instant Motion to Dismiss (Docket Entry 5), and the applicable rules permit such action, see Chapman v. Herron, No. 1:11CV194, 2012 WL 3151007, at *2 (M.D.N.C. Aug 2, 2012) (unpublished).

Petitioner also argues that the Court should not dismiss his case "due to the circumstances lack of communication with the appellate attorney about the one year statue of limitation in order to seek petition for federal habeas corpus proceeding and the circumstances if not filed." (Docket Entry 10 at 2-3.) This argument appears to represent a request for equitable tolling, which doctrine the Supreme Court generally has ruled applicable in this context. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, "garden variety" negligence by counsel does not serve as a ground for equitable tolling. Holland, 130 S. Ct. at 2564.

---

[3] Page citations to this document refer to page numbers in the CM/ECF footer.

In light of such authority, Petitioner's unsupported, conclusory statements regarding "lack of communication" do not provide a basis for equitable tolling. Accordingly, the Petition was not timely filed and Respondent's Motion to Dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be granted, that the Habeas Petition (Docket Entry 2) be dismissed, and that Judgment be entered dismissing this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

**October 5, 2012**